## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD PAUL SHOVER, II,     :
                            :     CIVIL ACTION NO. 3:11-CV-2248

         Plaintiff        :

                            :     (Judge Nealon)

     v.                    :     (Magistrate Judge Blewitt)

                            :

YORK COUNTY PRISON, et al.,     :

         Defendants     :

*FILED*
*SCRANTON*
MAR 0 1 2012
Per_____
DEPUTY CLERK

## MEMORANDUM

On December 5, 2011, Plaintiff, Richard Paul Shover, II, an inmate currently confined at

the York County Prison in York, Pennsylvania, filed a civil rights complaint pursuant to 42

U.S.C. § 1983 and a motion for leave to proceed in forma pauperis. (Docs. 1, 2). He filed a

supplemental complaint on December 6, 2011. (Doc. 6). Named as Defendants are Mary E.

Sabol, Warden at York County Prison; Albert J. Sabol, Chief Probation Officer; the County of

York; the York County Prison Mailroom; Claire Doll[1], Deputy Warden; and Jeffrey Hall,

Counselor. (Doc. 6). A second motion for leave to proceed in forma pauperis was filed on

December 19, 2011. (Doc. 11). Plaintiff also filed two (2) motions to appoint counsel. (Docs. 3,

10). Pursuant to the screening requirements of the Prison Litigation Reform Act ("PLRA"),

Magistrate Judge Thomas M. Blewitt reviewed the complaints. See Pub. L. No. 104-134, 110

Stat. 1321 (April 26, 1996); 28 U.S.C. §§ 1915(e), 1915A(a). On January 25, 2012, Magistrate

Judge Blewitt issued a Report and Recommendation ("R&R") concluding that Plaintiff failed to

state a claim against certain Defendants and, also, that Plaintiff did not fully exhaust his

---

[1]Plaintiff incorrectly spelled Defendant Doll as "Dull" in the Supplemental Complaint;
therefore, the docket and the R&R contain this erroneous spelling.

administrative remedies. (Doc. 17).  The R&R recommends that specified claims and

Defendants be dismissed with prejudice, while others be dismissed without prejudice to the right

of Plaintiff to file a new complaint after completing exhaustion.  (Id.).  Plaintiff filed objections

to the R&R on February 7, 2012.  (Doc. 18).  The matter is ripe for disposition and, for the

reasons set forth below, the R&R will be adopted.

**Standard of Review- R&R**

When objections to a report and recommendation have been filed under 28 U.S.C. §

636(b)(1)(C), the district court must make a de novo review of those portions of the report to

which specific objections are made.  Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989);

Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination

where only a general objection to the report is offered would undermine the efficiency the

magistrate system was meant to contribute to the judicial process"); Mutombo v. Carl, 2003 U.S.

Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.).  The district court may accept, reject, or modify,

in whole or in part, the findings and recommendations contained in the report.  28 U.S.C. §

636(b)(1)(C); M.D. Pa. Local Rule 72.3.  The court may, in the exercise of sound judicial

discretion, rely on the magistrate judge's proposed findings and recommendations.  United States

v. Raddatz, 337 U.S. 667, 676 (1980); Goney, 749 F.2d at 7.

**Standard of Review- Screening**

The R&R explains that pursuant to the PLRA, the courts must screen complaints when a

prisoner wishes to proceed in forma pauperis.  (Doc. 17, p. 7).  Title 28, United States Code,

section 1915 provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been

paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
      (i) is frivolous or malicious;
      (ii) fails to state a claim on which relief may be granted; or
      (iii) seeks monetary relief against a defendant who is immune from such
relief.

28 U.S.C. § 1915(e)(2); see also Kennedy v. S.C.I. Rockview Emples., 2010 U.S. Dist. LEXIS

123545, *4 (M.D. Pa. 2010) (Caputo, J.) ("Under 28 U.S.C. § 1915A, a court shall review a

complaint filed by a prisoner in a civil action and dismiss the complaint if it is frivolous,

malicious, or fails to state a claim upon which relief may be granted.").

    "The Court uses the same standard to screen a complaint under the PLRA as it does for a

12(b)(6) motion to dismiss." (Doc. 17, pp. 9-10); see Fed. R. Civ. P. 12(b)(6).  Specifically, "a

complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is

plausible on its face.'" (Id.), quoting Reisinger v. Luzerne County, 712 F. Supp. 2d 332, 343

(M.D. Pa. 2010) (Conaboy, J.) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atlantic Corp.

v. Twombly, 550 U.S. 544, 570 (2007)).  The district court must accept as true all allegations in

the complaint and draw all reasonable inferences in the light most favorable to the plaintiff;

however, the court need not credit a complaint's bald assertions or legal conclusions. (Doc. 17,

pp. 9-10); see also Ashcroft, 556 U.S. 662 ("Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice."); Twombly, 550 U.S. at 555 (A

"plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do.").  Further, a civil rights complaint must comply with Federal Rule of Civil Procedure 8(a).

See Fed. R. Civ. P. 8(a) (requiring a "short and plain" statement of a cause of action).

**Standard- Section 1983**

Magistrate Judge Blewitt determines that in a civil rights action filed under 28 U.S.C. § 1983, a plaintiff must prove: "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States." (Doc. 17, p. 7) (citing Parratt v. Taylor, 451 U.S. 527 (1981); Kost v. Kozakiewicz, 1 F. 3d 176, 184 (3d Cir. 1993)). Moreover, personal liability cannot be imposed on a theory of respondeat superior. (Id.) (citing Parratt, 451 U.S. 527; Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 1546 F.2d 1077, 1082 (3d Cir. 1976)). "Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based." (Doc. 17, p. 7). "[P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." (Id.) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998)); see also Ashcroft, 556 U.S. 662 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.").

**Factual Allegations**

Upon an independent examination of the pleadings, this Court finds the following.[2]  The Complaint alleges that Plaintiff was sentenced on August 26, 2011 in the York County Court of

---

[2]This Court's findings are consistent with the factual allegations outlined in the R&R. See (Doc. 17, pp. 2-6).

Common Pleas on a parole violation to serve the balance of two hundred sixty (260) days in the Dauphin County Work Release Center. (Doc. 1, pp. 2-3). The sentencing court stated that this sentence will be terminated upon payment in full of all fines and costs, totaling $705.00. (Id.). Plaintiff alleges that the York County Prison has wrongly refused to place him on work release status, which prevents him from being able to pay off his fines and costs, in violation of his Fourteenth Amendment rights. (Id.). Plaintiff broadly accuses Defendants of having committed numerous criminal offenses by not allowing him to participate in a work release program. (Id. at pp. 5-6). The Complaint further alleges that there is a conflict of interest with Defendants Sabol and Sabol both being employed with York County's judicial system. (Id. at p. 3).

In his Supplemental Complaint, Plaintiff alleges that Defendant Doll has blocked the medical department from forwarding information necessary to facilitate his transfer. (Doc. 6, p. 2). Plaintiff claims that Defendant Hall has conspired to violate Plaintiff's civil rights. (Id.). Plaintiff also alleges that the York County Prison Mailroom is unlawfully opening his legal mail. (Id.).

Plaintiff states that he has initiated, but not completed exhaustion of administrative remedies due to interference by prison officials. (Doc. 1, p. 2); (Doc. 6, p. 2).

**The R&R**

The R&R identifies the following constitutional claims in the pleadings: (1) violations of Plaintiff's Eighth Amendment rights by Defendants' illegal confinement of him in the York County Prison despite his sentence to the Dauphin County Work Release Center; (2) First Amendment violations based on prison mailroom officials tampering with and reading Plaintiff's legal mail, and denial of access to the courts by searching and reading his legal mail outside of

his presence; (3) a section 1983 conspiracy claim; and (4) Fourteenth Amendment due process claims. (Doc. 17, pp. 3-4). The R&R notes that Plaintiff also asserts civil RICO[3] claims and several state law criminal claims. (Id.).

Magistrate Judge Blewitt finds that "Plaintiff readily admits on the face of his Complaints that he did not exhaust his available [York County Prison] administrative remedies with respect to his instant claims and his request for a transfer to the Dauphin County Work Release Center, but he contends that it would be futile to do so and that [prison] officials are hindering his grievances...." (Doc. 17, p. 6). However, the Report explains that the PLRA precludes a futility exception to the mandatory exhaustion requirement. (Id. at p. 27) (citing Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir. 2002)). Additionally, the Magistrate Judge determines that Plaintiff's Complaints "do not sufficiently specify any conduct, wrongful or otherwise, of the numerous named Defendants, and [they do] not sufficiently mention the personal involvement of Defendants with any cognizable constitutional claim", in violation of Rule 8 of the Federal Rules of Civil Procedure. (Id. at p. 6).

**Discussion**

Plaintiff filed objections to the R&R on February 7, 2012. (Doc. 18). After de novo review, the findings and recommendations in the R&R will be adopted.

Initially, this Court will accept the standards of review outlined in the R&R. In his objections, Plaintiff cites a number of cases regarding the standard of review, the elements of a section 1983 cause of action, and the law allowing amended pleadings. See (Doc. 18, pp. 2-5, ¶ 2). He states that he is not an experienced law professional and that his complaint is subject to a

---

[3]Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq.

liberal screening. (Id.). After review, this Court generally agrees with Plaintiff's recitation of the law, as detailed in the standard of review sections herein, and acknowledges that pro se complaints are to be liberally construed. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Nothing in his objections contradicts the R&R. Importantly, Magistrate Judge Blewitt recommends that after Plaintiff has fully exhausted his claims, he be permitted to file a new complaint. Accordingly, this Court will adopt the recommendation and overrule Plaintiff's objections in this regard.

Magistrate Judge Blewitt first determines that "Plaintiff cannot seek monetary damages from the named Defendants in both their individual and official capacities." (Doc. 17, pp. 4 n.3, 10). The R&R concludes that to the extent Plaintiff seeks monetary damages, he can only sue the state actor Defendants in their individual or personal capacities. (Id.), citing Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983" except that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'"); Meekins v. Beard, 2007 U.S. Dist. LEXIS 14815, *10 (M.D. Pa. 2007) (Kosik, J.) ("A suit brought against an individual acting in his or her official capacity is similarly deemed to be a suit against the state, and as such, barred by the Eleventh Amendment.")). Consequently, the Report recommends that Plaintiff's claims for monetary damages against Defendants in their official capacities be dismissed with prejudice. (Doc. 17, pp. 4 n.3, 10). Plaintiff does not object to this recommendation and, in the absence of error, it will be adopted.

Next, the R&R finds that "Plaintiff fails to sufficiently allege the personal involvement of

7

any Defendant with respect to his constitutional claims." (Doc. 17, pp. 12-13). As previously

discussed, personal liability cannot be imposed on a theory of respondeat superior. See id. (citing

Parratt, 451 U.S. 527; Rizzo, 423 U.S. 362; Hampton, 1546 F.2d at 1082). In his objections,

Plaintiff argues that he has sufficiently stated a claim showing personal involvement by each

Defendant; however, he offers no new evidence or argument. See (Doc. 18, p. 13, ¶ 9).

Although Plaintiff asserts that most factual evidence will not be available until discovery, (Id. at

p. 5, ¶ 2), this objection is unpersuasive. See Twombly, 550 U.S. 544 (stating that "before

proceeding to discovery, a complaint must allege facts suggestive of illegal conduct"); Gera v.

Pennsylvania, 2007 U.S. Dist. LEXIS 77772, *7 (M.D. Pa. 2007) (Munley, J.) (rejecting the pro

se plaintiff's argument "that the preliminary screening ..., which led to dismissal of his complaint

before the parties undertook any discovery, represented a manifest injustice which requires

correction"). After review, this Court agrees with the Magistrate Judge that Plaintiff fails to

establish each Defendant's personal involvement and Plaintiff's objections will be overruled.

     Magistrate Judge Blewitt then determines Plaintiff's allegations that Defendant Hall

conspired with the other Defendants to violate his civil rights fails to state a cognizable

conspiracy claim against any Defendant. (Doc. 17, p. 14). The Report finds that Plaintiff's bare

conclusory allegations are insufficient. (Id.), quoting Flanagan v. Shively, 783 F. Supp. 922,

928-29 (M.D. Pa. 1992) (McClure, J.) (holding that "[p]leading conclusory allegations that, for

example, the defendants acted willfully, intentionally and deliberately or with reckless disregard

of plaintiff's rights does not suffice" to avoid dismissal for failure to state a claim), affirmed 980

F. 2d 722 (3d Cir. 1992), cert. denied 510 U.S. 829 (1993). The R&R states: "Plaintiff's

allegations [of conspiracy] must be supported by facts bearing out the existence of the conspiracy

and indicating its broad objectives and the role each Defendant allegedly played in carrying out those objectives." (Id.) (citing Flanagan, 783 F. Supp. at 928-29). The Magistrate Judge concludes that "Plaintiff fails to allege what any Defendant specifically conspired to do, or what specific actions any Defendant took in furtherance of the alleged conspiracy. Also, Plaintiff fails to aver any facts 'showing an agreement or plan formulated and executed by Defendants to achieve a conspiracy.'" (Id. at p. 15) (quoting Ireland v. McDaniel, 2011 U.S. Dist. LEXIS 23604, *40 (W.D. Pa. 2011)). Plaintiff offers nothing in his objections to contradict these findings. After review, the R&R will be adopted in this regard and Plaintiff's conspiracy claims will be dismissed without prejudice.

Further, the Report recommends that Plaintiff's claims against Defendants Hall and Doll for failing to respond to his multiple grievances be dismissed with prejudice. (Doc. 17, pp. 14-17). The R&R explains, "inmates do not have a constitutional right to a grievance process." (Id.), quoting Bartelli v. Jones, 231 Fed. Appx. 129, 132 (3d Cir. 2007) (holding, "a state grievance procedure does not confer any substantive constitutional right upon prison inmates"). Further, even if the prison provides a grievance procedure, violations of those procedures do not give rise to a constitutional claim. (Id.), citing Burnside v. Moser, 138 Fed. Appx. 414, 416 (3d Cir. 2005) (concluding that the prisoner's disciplinary due process claim did not amount to a constitutional violation under section 1983); see also Alexander v. Gennarini, 144 F. App'x 924, 925 (3d Cir. 2005) (holding that allegations prison officials were merely involved in the post-incident grievance process do not state a cognizable claim); Milhouse v. Gee, 2011 U.S. Dist. LEXIS 91749, *22-23 (M.D. Pa. 2011) (Rambo, J.) (stating, "dissatisfaction with a response to an inmate's grievances does not support a constitutional claim"). Magistrate Judge Blewitt

concludes that the alleged failure of Defendants Hall and Doll to properly investigate and/or respond to Plaintiff's grievances does not state a cognizable claim. (Doc. 17, p. 16); see also Williams v. Beard, 2011 U.S. Dist. LEXIS 17562, *6 (M.D. Pa. 2011) (Caldwell, J.) (holding that "after-the-fact knowledge of the alleged events via the grievance system is insufficient to allege [his] personal involvement"). Upon review, this Court agrees with the Magistrate Judge and will dismiss with prejudice all claims against Defendants Hall and Doll regarding their actions or inactions in response to Plaintiff's grievances.

Although Plaintiff does not specifically object to these findings, he does argue that Defendant "Hall acts with 'Deliberate Indifference' no matter what the request." (Doc. 18, p. 14, ¶ 13). This claim is overly broad; but, Plaintiff also alleges that Defendant Hall stated: "I bet you $100.00 Mr. Shover that you are with us till your max." (Id.). However, even if true, this statement does not establish "deliberate indifference" by Defendant Hall. The courts have held that a prisoner detained beyond his term of incarceration may state an Eighth Amendment claim by showing deliberate indifference on the part of the defendant as to whether the prisoner suffered an unjustified deprivation of his liberty. Sample v. Diecks, 885 F.2d 1099, 1109-10 (3d Cir. 1989). Initially, the prisoner must show that he was incarcerated without justification. Walker v. Meisel, 2011 U.S. Dist. LEXIS 120579, *10-11 (E.D. Pa. 2011). Additionally, to establish section 1983 liability in this context, the prisoner must demonstrate: (1) a prison official knew of his problem and the risk that unwarranted punishment was being, or would be, inflicted; (2) the prison official either failed to act or took only ineffectual action under circumstances indicating that his response amounted to deliberate indifference; and (3) a causal connection between the official's response and the unjustified detention. Sample, 885 F.2d at 1110.

Importantly, an Eighth Amendment claim only arises when a prisoner is subjected "to detention beyond the termination of his sentence." Shaw v. Thomas, 2005 U.S. Dist. LEXIS 27478, *15-16 (M.D. Pa. 2005) (McClure, J.). In the instant action, Plaintiff has not been held beyond his maximum term and, as will be discussed below, he has no protected interest in work release placement. Accordingly, this objection will be overruled.

The Magistrate Judge then discusses Plaintiff's RICO claims. (Doc. 17, pp. 19-22). Plaintiff alleges that Defendant Warden Mary Sabol's marriage to Defendant Chief Probation Officer Albert Sabol presents a conflict of interest and that these Defendants are engaged in slavery, trafficking of persons, dealing in proceeds of unlawful activities, unlawful restraint, false imprisonment, and racketeering. (Id.), citing (Doc. 1, pp. 4-5). The R&R states that to support a RICO claim, "Plaintiff must identify and allege racketeering acts which Defendants committed." (Doc. 17, pp. 20-21) (quoting 18 U.S.C. § 1961(1); Freedom Medical, Inc. v. Gillespie, 634 F. Supp. 2d 490, 506-07 (E.D. Pa. 2007)). Additionally, "a plaintiff must establish all elements of the predicate act crimes in addition to the elements enumerated in RICO." (Id.) (quoting Kalomiris v. Monroe County Syndicate, 2009 U.S. Dist. LEXIS 1264, *18-19 (M.D. Pa. 2009) (Conner, J.)). Magistrate Judge Blewitt concludes that because Plaintiff fails to sufficiently allege Defendants committed any criminal acts enumerated under RICO or the required nexus between each Defendant and the conduct of the enterprise, his claims should be dismissed. (Id.). Further, the Report, concluding that the Complaint fails to specifically state the personal involvement of Defendants Sabol and Sabol, recommends that they be dismissed without prejudice. (Id. at pp. 12-13).

In his objections, Plaintiff reiterates his claim that Defendants Sabol and Sabol are

engaged in a RICO conspiracy and now alleges that Defendants Doll and Hall are also involved in the RICO conspiracy. (Doc. 18, p. 14, ¶ 14). After de novo review, this Court concludes that Magistrate Judge Blewitt correctly explained that Plaintiff fails to sufficiently allege the racketeering acts each Defendant committed. Additionally, Plaintiff's allegations of a conflict of interest between Defendants Sabol and Sabol, and between Defendant Clair Doll, Deputy Warden, and his wife Amy Doll, a probation officer, are unfounded. (Id. at pp. 13-15, ¶¶ 10, 18, 20); See In Matter of Antolik, 93 Pa. Commw. 258, 501 A.2d 697 (Pa. Commw. 1985) (determining that the position of chief juvenile probation officer was a judicial position and that the county's nepotism rule was constitutionally inapplicable to judicial personnel). The statutes Plaintiff cites in support of his claims are also unpersuasive. See (Doc. 1, pp. 3-4), citing 43 P.S. § 1101.1801 (pertaining to the collective bargaining process); 65 P.S. § 401 et seq. (repealed); 71 P.S. § 776.1 et seq. (regarding contracts); 65 Pa. C.S. § 1101.1 et seq. (making no mention of nepotism or marriage). Moreover, even if this Court assumes that there is a conflict of interest with the marriage of these Defendants, Plaintiff does not allege how their relationships violated his constitutional rights. See Parratt, 451 U.S. 527. Plaintiff's objections in this regard will therefore be overruled. Further, Plaintiff's claims that Defendants Sabol and Sabol are conducting "pillow talk" negotiations and that Defendant Doll is carrying out the orders of his wife, (Doc. 18, p. 14, ¶¶ 17-18), are completely unfounded and warrant no consideration. See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) (holding that "a court need not credit a complaint's 'bald assertions' or 'legal conclusions'"). Similarly, the allegations in the complaints regarding criminal acts by Defendants are wholly unsupported. After an independent examination, this Court will adopt Magistrate Judge Blewitt's conclusions that the

12

complaints fail to sufficiently plead criminal conduct, conspiracy claims, or RICO violations.

Magistrate Judge Blewitt also addresses Plaintiff's claim against York County. (Doc. 17, pp. 17-19). The R&R determines that "Plaintiff fails to state a cognizable municipal liability claim against York County." (Id.), citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) (holding that "a municipality cannot be held liable under § 1983 on a respondeat superior theory"). The Report explains that although a municipality cannot be liable under respondeat superior, it may be liable under section 1983 if it maintains an unconstitutional custom or policy that caused the prisoner's injury. (Id.) (citing Kokinda v. Breiner, 557 F. Supp. 2d 581, 590 (M.D. Pa. 2008) (Caputo, J.); Meyers v. Schuylkill County Prison, 2006 U.S. Dist. LEXIS 12564 (M.D. Pa. 2006) (McClure, J.)). However, the Magistrate Judge finds that "Plaintiff's allegations do not sufficiently state that York County caused any Defendant's alleged conduct by having customs, policies, practices and procedures, and that this conduct gave rise to the constitutional violations alleged in the Complaint." (Doc. 17, p. 19). The Report recommends that Defendant York County be dismissed. (Id.). Plaintiff does not address the Monell issue in his objections and this Court will adopt Magistrate Judge Blewitt's recommendation that Defendant York County be dismissed.

Notably, Plaintiff complains that Defendant York County Prison Mailroom, as opposed to York County, was not mentioned in the R&R. (Doc. 18, pp. 1-2, ¶ 1). He alleges that mailroom employees violated his constitutional rights by opening and reading legal documents outside his presence. (Id.) (citing Wolff v. McDonnell, 418 U.S. 539, 577 (1974)). After an independent review of the complaints, this Court finds that Plaintiff also fails to state a claim against the York County Prison Mailroom. Plaintiff alleges that the York County Prison Mailroom opened his

incoming and outgoing legal mail, but fails to name a specific employee responsible for such

actions or to identify when such violations allegedly occurred. See (Doc. 6, p. 2). Accordingly,

Defendant York County Prison Mailroom will also be dismissed. Maddox v. United States, 2011

U.S. Dist. LEXIS 74421, *12-13 (D.N.J. 2011) (dismissing claims against the defendant United

States of America for acts of prison employees in opening and reading the prisoner's legal mail).

Additionally, all claims relating to the opening of legal mail are dismissed without prejudice to

Plaintiff's right to name the specific prison employees responsible and to sufficiently allege how

their conduct amounted to a constitutional violation. See id. (allowing the prisoner to amend his

complaint to identify prison mailroom staff who allegedly opened legal mail); Santos v. New

Jersey, 2009 U.S. Dist. LEXIS 78090 (D.N.J. 2009) (dismissing the prisoner's claim alleging

interference with legal mail because he failed to name a defendant subject to liability), affirmed,

Santos v. New Jersey, 2010 U.S. App. LEXIS 18320 (3d Cir. 2010); Gonzalez v. Cimock, 1994

U.S. Dist. LEXIS 5869, *12 (E.D. Pa. 1994) ("Mere negligence or error in the opening of mail

does not give rise to a constitutional violation.").

Further, in his eleventh objection, Plaintiff asserts that the York County Prison remains

"close to or slightly over capacity" and that county, state, and federal inmates are housed

together. (Doc. 18, p. 13). These allegations were not raised in the complaints and, regardless,

fail to state a claim for relief. Plaintiff does not claim any conditions related to the overcrowding

that violated his constitutional rights. See Allen v. Passaic County Jail, 2009 U.S. Dist. LEXIS

113560, *32-33 (E.D. Pa. 2009) (concluding that although over-crowded prison conditions made

life uncomfortable for the plaintiff, he failed to allege any conditions giving rise to an Eighth

Amendment concern). Additionally, "[t]his Court is not aware of any constitutional prohibition

which restricts the housing of federal and state prisoners together." Reynolds v. Donate, 2007 U.S. Dist. LEXIS 6419, *11 (M.D. Pa. 2007) (McClure, J.).  Consequently, this Court finds that the York County Prison is also not liable and Plaintiff's objection will be overruled.

Next, the Report determines that Plaintiff, by alleging Defendants discriminated against him to prevent him from participating in the Dauphin County Work Release Center, has stated an equal protection claim, not a due process claim.  (Doc. 17, pp. 22-24), citing Goldhaber v. Higgins, 576 F. Supp. 2d 694, 723 (W.D. Pa. 2007) (finding that the prisoner's claim that the defendants arbitrarily discriminated against him for filing a motion in court in order to prevent him from participating in the work release program alleged violations of the Equal Protection Clause).  The R&R explains that Plaintiff cannot state a substantive due process claim because he has no protected liberty interest in obtaining work release.  (Id.), quoting Goldhaber, 576 F. Supp. 2d at 724 (concluding that a prisoner has no liberty or property interest in obtaining work release).  Also, because Plaintiff has not been subjected to an atypical and significant hardship, he does not present a viable procedural due process claim.  (Id.), Goldhaber, 576 F. Supp. 2d at 724 (determining that the defendants must have caused harm "beyond the range of confinement to be normally expected for someone serving a sentence") (internal citations omitted).  Moreover, the Magistrate Judge concludes that although Plaintiff has stated a claim under the Equal Protection Clause, he has not "properly" stated such a claim and it too should be dismissed.[4] (Id.).  To state a section 1983 claim for a violation of the Equal Protection Clause, "a plaintiff

---

[4]For example, Plaintiff avers that Defendant Doll has prevented the York County Prison's medical department from forwarding his information to the Dauphin County Work Release Center so that he can be transferred, but fails to allege the elements of an equal protection claim. See (Doc. 17, p. 15).

must show that: (1) he was a member of a protected class; (2) he was treated differently from similarly situated persons outside of his protected class; and (3) the discrimination was purposeful or intentional rather than incidental." See Heim v. Dauphin County Prison, 2011 U.S. Dist. LEXIS 97994, *18 (M.D. Pa. 2011) (Caputo, J.) (citing Chambers v. Sch. Dist. of Phila. Bd. of Educ., 587 F.3d 176, 196 (3d Cir. 2009)).

Plaintiff objects, arguing that he is not asserting a right to confinement in a particular institution, but is challenging Defendants' deviation from the sentence imposed. (Doc. 18, p. 6, ¶ 3) (citing McCray v. Pa. Dep't of Corr., 872 A.2d 1127, 1133 (Pa. 2005)). He reiterates his claim that Defendants acted with deliberate indifference, on their own and in a conspiracy, to deprive him of liberty. (Id.). After de novo review, this objection will be overruled because Plaintiff overlooks the fact that he does not have a protected liberty or property interest pursuant to which he can raise a constitutional claim against Defendants for their alleged failure to carry out the sentence as directed. See Goldhaber, 576 F. Supp. 2d at 724. Further, Plaintiff's reliance on McCray is misplaced because the state court, in a mandamus petition, was addressing the DOC's statutory duty to credit an inmate for the time previously served when so directed by the sentencing court. See McCray, 872 A.2d 1127; Cf. Wolff, 418 U.S. at 557 (recognizing a state created due process right to good time credit). In Demeter, the plaintiff was sentenced on a parole violation to max out his sentence on immediate work release; however, the Northampton County Prison did not immediately place him on work release and a section 1983 civil rights complaint followed. Demeter v. Buskirk, 2003 U.S. Dist. LEXIS 18897, *1-2 (E.D. Pa. 2003). The Court entered judgment in favor of the defendants, finding that the plaintiff did not have a protected liberty interest in work release despite the sentencing order. Id. at *10. Notably, the

Court also denied the plaintiff's equal protection challenge because he failed to prove that he was intentionally discriminated against and concluded that delayed placement in work release does not amount to cruel and unusual punishment. Id. at *18, *20-21.  Consistent with Demeter and for the reasons set forth in greater detail above, Plaintiff's objection in the instant action will be overruled.  Plaintiff's equal protection claims will be dismissed without prejudice and his due process claims will be dismissed with prejudice.

Additionally, Magistrate Judge Blewitt concludes that insofar as Petitioner contends his confinement at the York County Prison is unlawful, that he must file a petition for writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. 17, p. 10), citing DeFoy v. McCullough, 393 F.3d 439, 441-42 (3d Cir. 2005) (explaining that a prisoner who alleges that he is in custody in violation of the constitution or federal law may seek federal habeas relief pursuant to 28 U.S.C. § 2254(a)). The R&R explains that a section 1983 civil rights action may only be used by a prisoner to claim that his conditions of confinement violate the constitution, not to challenge the fact or duration of his custody. (Id.), citing Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) (holding that "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody"); Ryan v. United States, 415 Fed. Appx. 345, 347 (3d Cir. 2011) ("In order to determine whether an action lies in habeas, 'the question to be asked is whether granting the petition would necessarily imply? [sic] a change to the fact, duration, or execution of the petitioner's sentence.'"), quoting McGee v. Martinez, 627 F.3d 933, 936 (3d Cir. 2010)).  Magistrate Judge Blewitt determines that the relief Plaintiff seeks, an injunction ordering Defendants to release him from the York County Prison and to terminate his parole, see (Doc. 1, p. 5), and to transfer him to the Dauphin County Work Release

program, see (Doc. 6, p. 3), "necessarily affects the execution of his August 26, 2011 sentence" and must be pursued through habeas corpus. (Doc. 17, p. 11).  Plaintiff does not address this conclusion in his objections and the R&R will be adopted.

Furthermore, the Report states that before a prisoner brings a civil rights action or files for federal habeas relief, he must exhaust all administrative and state court remedies. (Doc. 17, p. 11), citing Ryan, 415 Fed. Appx. at 347-48 (finding that when a prisoner fails to exhaust administrative remedies, the district court should dismiss his action, whether lying in habeas or under section 1983).  Here, because Plaintiff admittedly has not fully exhausted all available remedies, the Report recommends that this action be dismissed without prejudice.  (Id. at pp. 11, 24-28).  The Magistrate Judge recognizes that failure to exhaust is an affirmative defense, but explains that a court may sua sponte dismiss on exhaustion grounds when the failure to exhaust is clear from the pleadings.  (Id. at p. 24); see Jones v. Lorady, 2011 U.S. Dist. LEXIS 64672, *8 (M.D. Pa. 2011) (Kosik, J.) ("Even though exhaustion is an affirmative defense, sua sponte dismissal of an action is proper where failure to exhaust available administrative remedies available to a prisoner-plaintiff is abundantly clear."), citing McPherson v. U.S., 392 Fed. Appx. 938 (3d Cir. 2010).  The R&R explains that Plaintiff was required to fully exhaust administrative remedies before initiating this action, which he admittedly did not, and that he cannot complete exhaustion while litigation is pending.  (Doc. 17, pp. 27-28), citing Banks v. Roberts, 251 Fed. Appx. 774, 776 (3d Cir. 2007) ("A prisoner may not satisfy the PLRA's exhaustion requirement by exhausting administrative remedies after initiating suit in federal court.").  Accordingly, Magistrate Judge Blewitt recommends that the complaints be dismissed without prejudice to Plaintiff's ability to file a new action after he completes exhaustion.  (Id.).

In his objections, Plaintiff states that he has several motions pending in the state court, (Doc. 18, p. 7, ¶ 4); but, this only strengthens the finding in the R&R that Plaintiff has not fully exhausted state court remedies.  He also argues that he has aggressively pursued prison grievances procedures, but exhaustion was hindered by prison officials.  (Id. at pp. 7-8, ¶¶ 5-6).  However, other than the fact that his grievances were denied, Plaintiff fails to allege how his exhaustion efforts were thwarted.  (Id.).  Rather, the records demonstrate that Plaintiff was provided with timely responses to his grievances and the opportunity to appeal the denials.  See (Doc. 18, Ex. H, pp. 30-55).  The cases Plaintiff cites are therefore distinguishable from the current facts.  (Doc. 18, pp. 7-8, ¶¶ 5-6).  Additionally, in paragraph eight of his objections, Plaintiff merely quotes several pages from the opinion issued in McCarthy v. Madigan, 503 U.S. 140, 146-49 (1992).  (Id. at pp. 9-12, ¶ 8).  In 2001, however, the United States Supreme Court held that McCarthy is no longer good law.  See Booth v. Churner, 532 U.S. 731, 740-41 (2001).  In Booth, the United States Supreme Court explained, "[w]hen Congress replaced the text of the statute as construed in McCarthy with the exhaustion requirement at issue today, ... the fair inference to be drawn is that Congress meant to preclude the McCarthy result."  Id.  The Booth court found that this "inference is, to say the least, also consistent with Congress's elimination of courts' discretion to excuse exhaustion when it would not be 'appropriate and in the interests of justice.'"  Id. at 741 n.5.  Accordingly, Plaintiff's objections will be overruled.  See Jones v. Bock, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").

Moreover, Plaintiff's Exhibit H confirms the Magistrate Judge's conclusions that administrative remedies were not fully exhausted.  At least one of Plaintiff's grievances, number

110311E, was not appealed; therefore, he did not properly exhaust all administrative remedies pertaining to this complaint. See (Doc. 18, Ex. H, at p. 31); See also 28 C.F.R. §§ 542.10-542.19 (outlining the BOP's administrative remedy process); Woodford, 548 U.S. at 90 ("requiring proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out'"). The records demonstrate that all of Plaintiff's other grievances and/or appeals were still pending when the instant action was initiated on December 5, 2011. See (Doc. 18, Ex. H, pp. 30-55) (Grievance no. 112311B-11412 appeal to Deputy Warden denied December 12, 2011, and Solicitor's Review denied December 28, 2011; Grievance no. 121211Q was denied on December 12, 2011, then denied on appeal to the Deputy Warden on January 20, 2012, and appeal to solicitor filed on January 23, 2012; Grievance no. 121311B denied December 13, 2011, and appeal filed; Grievance no. 122711D denied on December 19, 2011). As previously explained, Plaintiff may not satisfy exhaustion while litigation is pending. See Banks, 251 Fed. Appx. at 776; Oriakhi, 165 Fed. Appx. at 993 (holding that "a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court"). Consequently, this Court will adopt the Magistrate Judge's recommendation to dismiss the complaints without prejudice to Plaintiff's right to file a new action[5] after he completes exhaustion.

Plaintiff also cites Jackson for the proposition that regardless of the exhaustion issue, this Court has the power to grant injunctive relief. (Doc. 18, pp. 8-9, ¶ 7), quoting Jackson v. District

---

[5]Consistent with this ruling, Plaintiff's objections requesting leave to amend will be overruled. See (Doc. 18, pp. 4-5, ¶ 2). However, if Plaintiff elects to file a new complaint after fully exhausting his administrative remedies, he is advised to plead additional facts to cure the other deficiencies outlined herein.

of Columbia, 254 F.3d 262, 268 (D.C. Cir. 2001) (concluding that "the PLRA contains nothing expressly foreclosing courts from exercising their traditional equitable power to issue injunctions to prevent irreparable injury pending exhaustion of administrative remedies"). The Jackson court explained, however, that this power is generally used to preserve the status quo until a decision on the merits can be reached. Jackson, 254 F.3d at 268. In the instant action, the injunctive relief Plaintiff seeks would disrupt the status quo. Additionally, Jackson is distinguishable because in reaching its conclusion, the Court rejected an irreparable injury exception to exhaustion. Id. The Third Circuit Court of Appeals, on the other hand, does recognize an exception to exhaustion "if the administrative procedure is clearly shown to be inadequate to prevent irreparable injury." See Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988). Regardless, Plaintiff will not be irreparably injured if he is not immediately placed on work release. See Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994) (stating, the "word irreparable connotes that which cannot be repaired, retrieved, put down again, atoned for..."); Ecri v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987) ("The 'requisite feared injury or harm must be irreparable -- not merely serious or substantial,' and it 'must be of a peculiar nature, so that compensation in money cannot atone for it.'"). This objection will therefore be overruled.

Finally, Magistrate Judge Blewitt recommends that Plaintiff's motions for appointment of counsel be denied as moot. (Doc. 17, pp. 28-29). In response, Plaintiff argues that this Court should reconsider his request for counsel. (Doc. 18, pp. 5, 14, ¶¶ 2, 16). This Court finds, after balancing the factors in Montgomery, that the interests of justice do not require the appointment of counsel. See Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002); Tabron v. Grace, 6

F.3d 147, 153 (3d Cir. 1993).  The objections in this regard will be overruled and the motions for appointment of counsel will be denied.

In his objections, Plaintiff cites to a case wherein the improper actions of two Luzerne County judges led to an overcrowded juvenile detention facility based, in part, on allegedly bogus probation violations.  (Doc. 18, pp. 13, 15, ¶¶ 12, 19) (citing Clark v. Conahan, 737 F. Supp. 2d 239 (M.D. Pa. 2010) (Caputo, J.)).  But, Plaintiff presents no arguments directed to any specific section of the R&R.  This Court concludes that the Clark decision is completely irrelevant to the instant action and Plaintiff's objections in this regard are frivolous.

Lastly, although not phrased as an objection, Plaintiff asks the Court to review his filings, specifically the Memorandum of Law.  (Doc. 18, p. 14, ¶ 15), citing (Doc. 9).  This request is unnecessary because both the Undersigned and the Magistrate Judge have considered all of Plaintiff's filings.

**Conclusion**

After de novo review, this Court will adopt the R&R.  Initially, Plaintiff cannot maintain claims for monetary damages against Defendants in their official capacities and they will be dismissed with prejudice.  This Court will also dismiss with prejudice Plaintiff's claims against Defendants Hall and Doll regarding their response to Plaintiff's grievances.  Next, this Court agrees with the Magistrate Judge that Plaintiff fails to establish each Defendant's personal involvement and the conspiracy claims will be dismissed without prejudice.  Plaintiff also fails to sufficiently plead a RICO violation against any Defendant and his claims of criminal misconduct and conflict of interest are unfounded.  Pursuant to Monell, Defendant York County will be dismissed and the York County Prison is also not liable.  Additionally, Plaintiff fails to state a

claim against the York County Prison Mailroom and it will be dismissed with prejudice.  But, all claims relating to the opening of legal mail are dismissed without prejudice to Plaintiff's right to name the specific prison employees responsible and to sufficiently allege how their conduct amounted to a constitutional violation.  Further, Plaintiff's equal protection claims, which do not plead all the required elements, will be dismissed without prejudice.  The due process claims, however, will be dismissed with prejudice because Plaintiff has no protected liberty interest.  Notably, the relief Plaintiff seeks must be pursued through habeas corpus.  Regardless, Plaintiff has failed to fully exhaust state court and administrative remedies.  This Court will adopt Magistrate Judge Blewitt's recommendation to dismiss the complaints without prejudice to Plaintiff's right to file a new action after he completes exhaustion on every claim.  Given the nature of the injunctive relief requested, this Court rejects Plaintiff's argument that injunctive relief may be granted despite his failure to exhaust.  After an independent examination of the R&R and all the records on file, this Court will overrule Plaintiff's objections.  The motions for appointment of counsel will also be denied.

     A separate Order will be issued.


**Date:**  March 1, 2012                   **United States District Judge**